**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

LESLIE BROMLOW,       )
      )
      Plaintiff,       )
      )
vs.       )       Case No. CIV-11-304-M
      )
WESTERN OKLAHOMA       )
DEVELOPMENT D/B/A ALLIED       )
CUSTOM GYPSUM PLASTER WORKS,   )
      )
      Defendant.       )

## ORDER

Before the Court is defendant's Motion to Dismiss, filed April 19, 2011. On May 10, 2011, plaintiff filed his response, and on May 16, 2011, defendant filed its reply.

Plaintiff, a former employee of defendant, brings the present action alleging that defendant discriminated against him and terminated him in violation of the Age Discrimination in Employment Act ("ADEA") and in violation of Oklahoma public policy. Pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant now moves to dismiss this action due to plaintiff's alleged failure to state a claim upon which relief may be granted.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 1949 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has set forth sufficient factual allegations to properly plead an ADEA claim and a state law public policy claim. Specifically, the Court finds that plaintiff has alleged that he was over forty years old when he was terminated, that he had never been written up or told his performance was unsatisfactory, that he was replaced by a person at least ten years younger, that no reason was given for his termination, and that his supervisor told him "I want you to retire" just prior to being terminated. The Court finds these factual allegations, taken as true and construed in the light most favorable to plaintiff, are sufficient to state a claim to relief that is plausible on its face. Additionally, the Court finds that plaintiff's allegations that his "age was, at the least, a motivating factor in the decision to terminate his employment. At the least Plaintiff's age was part of a group of mixed motives for such decision" Complaint at ¶ 13 (emphasis added), taken in the light most favorable to plaintiff, do not preclude any ultimate finding that plaintiff's age was the "but for" reason for his termination, but in fact it is plausible that such a finding would be included in plaintiff's allegations.

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss [docket no. 8].

**IT IS SO ORDERED this 25th day of May, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE